## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Megan Shipley
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl M. Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Aloric Carson,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

October 30, 2015

Court of Appeals Case No.
49A05-1503-CR-112

Appeal from the Marion Superior Court

The Honorable Shannon L. Logsdon, Commissioner

Trial Court Cause No.
49F18-1309-CM-060976

**Mathias, Judge.**

[1] Following a bench trial, Aloric Carson ("Carson") was convicted in Marion Superior Court of Class A misdemeanor resisting law enforcement and Class B

misdemeanor disorderly conduct. He was ordered to serve an aggregate sentence of 180 days in the Department of Correction with 178 days suspended. On appeal, Carson argues that the State failed to rebut his self-defense claim on the disorderly conduct charge.

We affirm.

## Facts and Procedural History

Early in the morning on September 14, 2013, Carson was out celebrating a friend's birthday at a bar in downtown Indianapolis. He left the party with another man and two women he had just met who had offered him a ride back to his car. When one of the women stopped her car outside the parking garage where Carson's car was located, Carson claims two men opened the car door and attempted to rob Carson's companion, allegedly at knifepoint. The weapon was described as a hunting knife with a six-inch blade. Carson jumped out of the car and began to fight the taller of the two men, who did not have the knife.

Just across the street, Officer Timothy Elliott ("Officer Elliott") of the Indianapolis Metropolitan Police Department ("IMPD") was working off-duty as a private security guard. Officer Elliott was dressed in his IMPD uniform. Around 2:30 a.m., Officer Elliott heard several people shout and directed his attention across the street where two men were arguing and physically fighting. Although Officer Elliott did not see the start of the fight or know why the men were fighting, he quickly ran across the street to respond to the altercation.

[5] Both men were in "fighting stance," but Carson landed significantly more punches, and the other man fell to the ground unconscious. Appellant's Br. at 2. Carson knelt over the man and continued to punch him. Officer Elliott grabbed Carson by his shoulders, identified himself as a police officer, and ordered everyone to stop. Despite the officer's order, Carson still attempted to punch the unconscious man. As Officer Elliott was about to handcuff Carson, an unidentified man ran up and punched him in the chest. This caused Officer Elliott to fall back, and the man helped Carson to his feet and told him to run.

[6] Officer Elliott chased the men as they ran south on Meridian Street. He ordered them to stop and identified himself as a police officer several times, but both men continued to run. Officer Elliott used his Taser on Carson, which caused him to slow down. Carson ran through a parking lot, and Officer Elliott finally apprehended him in a grassy area.

[7] The State charged Carson with Class A misdemeanor resisting law enforcement, Class B misdemeanor public intoxication, and Class B misdemeanor disorderly conduct. After a bench trial, Carson was convicted on all charges except Class B misdemeanor public intoxication. At trial, Carson claimed self-defense in relation to the disorderly conduct charge. The trial court found that Carson's admission to fighting was enough to find him guilty of disorderly conduct. The court ordered Carson to serve an aggregate sentence of 180 days with 178 days suspended. He was also ordered to complete 120 hours of community service. Carson now appeals.

## Discussion and Decision

[8] Carson argues that the State failed to rebut his claim of self-defense, and therefore, the evidence was insufficient to support his disorderly conduct conviction. "Upon a challenge to the sufficiency of evidence to support a conviction, a reviewing court does not reweigh the evidence or judge the credibility of witnesses, and respects the [trier of fact's] exclusive province to weigh conflicting evidence. *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005). We consider only probative evidence and reasonable inferences supporting the verdict. *Id.* We must affirm if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. *Id.*

[9] To convict Carson of disorderly conduct, the State was required to prove that he:

> recklessly, knowingly, or intentionally: (1) engage[d] in fighting or in tumultuous conduct; (2) ma[de] unreasonable noise and continue[d] to do so after being asked to stop; or (3) disrupt[ed] a lawful assembly of persons.

Ind. Code § 35-41-1-3(a)(1) – (3).

[10] Carson does not dispute that he was fighting in the early morning hours on September 14, 2013, but rather that he was acting in self-defense because one of the men who tried to rob his companion allegedly had a knife.

[11] A valid claim of defense of oneself or another person is legal justification for an otherwise criminal act. *Morell v. State*, 933 N.E.2d 484, 491 (Ind. Ct. App. 2010)

(citing *Wilson v. State*, 770 N.E.2d 799, 800 (Ind. 2002)). In order to prevail on a claim of self-defense, the defendant must show that he: (1) was in a place where he had a right to be; (2) did not provoke, instigate, or participate willingly in the violence; and (3) had a reasonable fear of death or great bodily harm. *Id.* A reasonable fear of death or serious bodily harm is undoubtedly required in a case involving deadly force. *Dixson v. State*, 22 N.E.3d 836 (Ind. Ct. App. 2014). However, when a case does not involve deadly force, a defendant claiming self-defense must only show that he was protecting himself from what he "reasonably believe[d] to be the imminent use of unlawful force." *Id.*; Ind. Code § 35-41-3-2(c).

[12] When a claim of self-defense is raised and finds support in the evidence, the State has the burden of negating at least one of the necessary elements. *Morell*, 933 N.E.2d at 491. The State can rebut a self-defense claim by relying on evidence in its case-in-chief. *Id.* Further, a mutual combatant, whether or not the initial aggressor, must declare an armistice before he or she may claim self-defense. *Id.*

[13] At trial, the State presented evidence that the fight started after an argument where both men were mutual combatants and that Carson continued to punch the man even after he fell to the ground unconscious. At that point, no further force was necessary to protect Carson or his companion. The trial court also determined that Carson's version of events lacked credibility:

> Mr. Carson I have heard all of the evidence and I have heard the argument today. What I am going to tell you first of all is this,

regardless of my decision you made some bad choices. And you and I come from different places and that is okay. Right? But where I come from somebody comes at me with a knife or tries to get one of my friends out of a car, my first reaction is not to jump out of a car and start fighting them because I am probably going to get hurt. I don't. . . like you testified you don't carry a gun, you don't carry a knife but you are willing to jump out of a car for a man you don't even know, can't tell me his name, which matter doesn't matter to these charges. . . but what your testimony is today is you are so willing to get out of the car and defend that guy against a guy with a knife and another guy who is bigger than you and you will just jump out. My reaction is call 911 or run away because I don't want to get stabbed right? So we may come from different places but at one point in your testimony, your testimony is that when fight or flight happens, you fight. But then a few minutes later when flight or flight happens you flee. So within a matter of moments you chose two different options to protect yourself.

Tr. pp. 69-70.

[14]    It is within in the trial court's discretion to make this credibility determination. Carson's claim of error on appeal is merely a request that we reweigh the evidence or judge the credibility of a witness, which we cannot do. For all of these reasons, the State did not fail to rebut Carson's self-defense claim and there was sufficient evidence to support Carson's conviction for Class B misdemeanor disorderly conduct.

[15]    Affirmed.

Baker, J., and Bailey, J., concur.